[Cite as *State v. Murphy*, 2026-Ohio-2579.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 0094 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2024 CR 0332R |
| MICHAEL S. MURPHY, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 6, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JODIE M. SCHUMACHER, Richland County Prosecuting Attorney by MICHELLE FINK, for Plaintiff-Appellee; FELICE HARRIS, for Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-appellant, Michael Shawn Murphy, appeals the judgment entered by the Richland County Common Pleas Court convicting him following his no contest pleas to aggravated trafficking in drugs (R.C. 2925.03(A)(2), (C)(1)(d)), aggravated possession of drugs (R.C. 2925.11(A), (C)(1)(c)), trafficking in cocaine (R.C. 2925.03(A)(2), (C)(4)(d)), possession of cocaine (R.C. 2925.11(A), (C)(4)(d)), trafficking in a fentanyl-related compound (R.C. 2925.03(A)(2), (C)(9)(d)), possession of a fentanyl-related compound (R.C. 2925.11(A), (C)(11)(c)), and obstructing official business (R.C.

2921.31(A), (B)), and sentencing him to an aggregate term of incarceration of seven to ten years. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On August 22, 2023, Appellant was stopped by a Trooper with the Ohio State Highway Patrol for speeding. The Trooper saw a mason jar on the left rear passenger floorboard of Appellant's vehicle containing what appeared to be marijuana residue. The vehicle was later searched. Officers found methamphetamine, cocaine, and fentanyl in a backpack in the vehicle. Officers also found spoons, a scale, some cutting agents, and a blender.

{¶3} At the time of the traffic stop, Appellant had been diverted to Richland County's Substance Abuse Court on a possession of cocaine charge. As a result of the incident in the instant case, a twelve-month prison term was imposed on the possession of cocaine charge.

{¶4} After serving the twelve-month prison sentence, Appellant was indicted in the instant case with aggravated trafficking in drugs, aggravated possession of drugs, trafficking in cocaine, possession of cocaine, trafficking in a fentanyl-related compound, possession of a fentanyl-related compound, and obstructing official business. Appellant filed a motion to suppress evidence which was overruled by the trial court. Appellant then entered a plea of no contest to all charges and was convicted upon his pleas.

{¶5} The case proceeded to sentencing on October 15, 2025. The trial court merged the possession charges with their related trafficking charges, and the State elected to have Appellant sentenced on the trafficking charges. The trial court sentenced Appellant to a term of incarceration of six to nine years for aggravated trafficking in drugs,

six months for trafficking in cocaine, six months for trafficking in a fentanyl-related compound, and six months for obstructing official business. The trial court ordered the sentences for each of the trafficking convictions to be served consecutively to each other, and the sentence for obstructing official business to be served concurrently with the trafficking sentences. At the sentencing hearing, the trial court made the requisite findings to support the imposition of consecutive sentences. The trial court erroneously stated the aggregate term of incarceration was seven and one-half to ten and one-half years.

{¶6} The trial court went back on the record on October 21, 2025, for what the trial court described as a resentencing hearing. The trial court stated he was adopting everything he said at the prior hearing but wanted to correct the aggregate sentence to seven to ten years. The trial court also found Appellant indigent with respect to the mandatory fines in the case. The trial court stated he did not want to "go back through everything because I'm not essentially changing the rationale for the sentence I came up with." Sent. Tr. 10/21/25, p. 119. The trial court referred to consecutive sentencing again in the second hearing, but he did not remake all of the findings required by statute.

{¶7} Following the second sentencing hearing, the trial court filed its written entry of conviction and sentencing. The trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public, Appellant committed the offenses while under drug court supervision, at least two of the offenses were committed as part of one or more courses of conduct and the harm caused was so great or unusual that no single prison term reflects

the seriousness of his conduct, and his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Appellant.

{¶8} It is from the November 6, 2025, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

{¶9} "I. MICHAEL SHAWN MURPHY'S CONSECUTIVE SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW."

{¶10} Appellant argues that the trial court failed to make the requisite findings to impose consecutive sentences and argues that the record does not support consecutive sentences. We disagree.

## STANDARD OF REVIEW AND APPLICABLE LAW

{¶11} R.C. 2929.14(C)(4) provides:

(4)    If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)    The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶13} The Ohio Supreme Court has set forth the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the

extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*,

2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

*State v. Glover*, 2024-Ohio-5195, ¶¶ 43-46.

## ANALYSIS

### Failure to Make Sentencing Findings

{¶14} Appellant concedes that the trial court made the required statutory findings to impose consecutive sentences at the first sentencing hearing and in the written entry. However, Appellant argues because the trial court did not make the required findings at the second "resentencing" hearing, the trial court failed to comply with the statute.

{¶15} In *State v. Teeple*, 2025-Ohio-1505 (5th Dist.), the trial court realized after conducting a sentencing hearing that it failed to make the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. Before journalizing the sentence in

writing, the trial court conducted a second sentencing hearing. At the second hearing, the trial court made the requisite consecutive sentencing findings on the record. This Court affirmed, finding as follows:

Under Criminal Rule 32(C) a judgment becomes final when it sets forth the fact of conviction, the sentence, the judge's signature, and the time stamp showing that the clerk entered the judgment in the journal. *State v. Lester*, 130 Ohio St. 3d 303, 2011-Ohio-5204, ¶ 1, 958 N.E.2d 142. Such a judgment "is a final order subject to appeal under R.C. 2505.02." *Id. See also State v. Carlisle*, 131 Ohio St. 3d 127, 2011-Ohio-6553, ¶ 11, 961 N.E.2d 671 (a judgment of conviction is final when it meets each of the requirements of Crim.R. 32(C)). "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 143 Ohio St. 3d 150, 2014-Ohio-4562, ¶ 9, 35 N.E.3d 493. "'Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.'" *Id*. at ¶ 8, *quoting Carlisle*, 2011-Ohio-6553, ¶ 1.

However, before a sentence is journalized, the court may correct its own sentencing error at a hearing conducted in defendant's presence as contemplated by Crim.R. 43(A). *State v. Jones*, 2011-Ohio-453, ¶ 14 (8th Dist.); *State v. Matthews*, 2011-Ohio-1265, ¶ 22 (6th Dist.); *State v. Jones*, 1999 Ohio App. LEXIS 1248, 1999 WL 155703, * 2 (10th Dist. Mar. 18, 1995).

*Id*. at ¶¶ 22-23.

**{¶16}** In the instant case, we find the trial court's description of the second hearing as a "resentencing" hearing to be a misnomer. The second hearing, held six days after the

first hearing, was a continuation of the first hearing, in which the trial court went back on the record in order to correct a sentencing error and omission made at the first hearing: the aggregate sentence and the mandatory fine. Because the trial court had not journalized Appellant's sentence, the sentence was not final, and the trial court could go back on the record to correct the errors made at the first hearing. However, this second hearing was not a new, de novo hearing, as this Court held in *Teeple*. Therefore, the record of the sentencing hearing in the instant case includes both the statements made orally by the trial court at the October 15, 2025, hearing, as well as the statements made at the October 21, 2025, hearing, which were collectively journalized into a single sentencing entry. At the second hearing, the trial court was not required to repeat the full consecutive sentencing findings, which Appellant acknowledges were properly made at the first hearing. We find the trial court made the findings required to impose consecutive sentences pursuant to R.C. 2929.14(C)(4).

## Record Support for Consecutive Sentences

**{¶17}** Appellant argues consecutive sentences are not supported by the record in this case. The record reflects that after Appellant was released from prison on the previous possession of cocaine charge, he overcame his drug addiction, obtained his high school diploma, obtained a welding certificate and a commercial driver's license, joined a church, and gained employment.

**{¶18}** The trial court recognized the positive strides Appellant had made after his imprisonment and took his progress into consideration in determining length of sentence. However, the trial court also looked at the circumstances as they existed at the time of the offenses and determined that consecutive sentences were appropriate in this case.

Appellant had a substantial amount of drugs and other equipment associated with drug trafficking in his vehicle. At the time of the offenses, Appellant was on drug court diversion on a possession of cocaine charge. We do not find that the record clearly and convincingly fails to support the trial court's findings in support of its imposition of consecutive sentences.

{¶19} The assignment of error is overruled.

### CONCLUSION

{¶20} For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is Affirmed.

{¶21} Costs are assessed to Appellant

By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.